**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MARCIA ALLYSE MULDROW,

     Plaintiff,

-vs-

                                 Case No.

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; FAIR COLLECTIONS &
OUTSOURCING, INC.; FINANCIAL
MANAGEMENT SOLUTIONS, LLC;
and TRANSWORLD SYSTEMS INC.,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MARCIA ALLYSE MULDROW (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); FAIR COLLECTIONS & OUTSOURCING, INC. (hereinafter "FCO"); FINANCIAL MANAGEMENT SOLUTIONS, LLC (hereinafter "FMS"); and TRANSWORLD SYSTEMS INC. (hereinafter "Transworld") (hereinafter collectively "Defendants"), and in support

thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a natural person and resident of Fairfax County in the Commonwealth of Virginia. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.    FCO is a corporation with its principal place of business in the State of Maryland and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

20.    FCO is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.    FCO furnished information about Plaintiff to the CRAs that was inaccurate.

22.    FMS is a corporation with its principal place of business in the State of Maryland and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

23.    FMS is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.    FMS furnished information about Plaintiff to the CRAs that was inaccurate.

25.    Transworld is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

26.    Transworld is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

27.    Transworld furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

28.    Plaintiff is a natural person who is alleged to owe a debt to multiple accounts which do not belong to her.

29.    Upon information and belief, Plaintiff has been a victim of identity theft for several years.

30.    In or about 2019, Plaintiff first became aware of the identity theft when she learned that someone was receiving unemployment in her name and also that someone obtained an apartment under in her name.

31.    After appearing in court regarding the fraudulent apartment lease, Plaintiff was removed from the account after providing evidence that she did not open or authorize the lease to be opened on her behalf.

32.    However, erroneous accounts continue to be opened under Plaintiff's name and to appear in her credit file.

33.    In or about December 2021, Plaintiff contacted Experian to dispute FMS, partial account number 50*, on behalf of original creditor Cityside at Huntington Metro (hereinafter "FMS Account"), which did not belong to her.

34.    On or about January 6, 2022, Plaintiff received dispute results from Experian which stated the FMS Account was verified as accurate.

35.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

36.    Experian never attempted to contact Plaintiff during the alleged investigation.

37.    Upon information and belief, Experian notified FMS of Plaintiff's dispute. However, FMS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

38.    In or about May 2023, Plaintiff contacted Experian to dispute Transworld, partial account number ending in *32, on behalf of original creditor The Shelby (hereinafter "Transworld Account"), which did not belong to her.

39.    On or about May 24, 2023, Plaintiff received dispute results from Experian which stated the Transworld Account was verified as accurate.

7

40.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

41.    Experian never attempted to contact Plaintiff during the alleged investigation.

42.    Upon information and belief, Experian notified Transworld of Plaintiff's dispute. However, Transworld failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

43.    In or about September/October 2023, Plaintiff again contacted Experian to dispute the Transworld Account, which did not belong to her.

44.    On or about October 4, 2023, Plaintiff received dispute results from Experian which stated the Transworld Account was verified as accurate.

45.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

46.    Experian never attempted to contact Plaintiff during the alleged investigation.

47.    Upon information and belief, Experian notified Transworld of Plaintiff's dispute. However, Transworld failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

48.    On or about November 18, 2024, Plaintiff obtained copies of her credit reports from the CRAs. Upon review, Plaintiff observed the following accounts which did not belong to her.

    i.    FCO, partial account number ending in *22, on behalf of original creditor The Reserve at Eisenhower, with a status of collection and balance of $11,014 (hereinafter "FCO Account");

    ii.    FMS Account with a status of collection and balance of $2,066;

    iii.    Transworld Account with a status of collection and balance of $1,899; and

    iv.    Equity/The Reserve at Eisenhower, with a status of open and balance of $0 (hereinafter "Equity Account").

49.    On or about November 18, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 180256868. In this report, she explained that she was a victim of identity theft and that the aforementioned accounts listed in her credit report did not belong to her.

50.    Due to the inaccurate reporting, on or about November 20, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of identity theft and that the aforementioned accounts did not belong to her. To confirm her identity, Plaintiff included images of her driver's license, Social Security card, and

recent utility bill in the letter. Further, Plaintiff provided images of the erroneous reporting and images of her filed FTC Identity Theft Report.

51.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 5566 9693 28), Experian (9407 1112 0620 5566 9639 51), and Trans Union (9407 1112 0620 5566 9636 85).

52.     On or about November 28, 2024, Plaintiff received a response from Experian which stated it would not be investigating Plaintiff's dispute because it appeared the letter was not sent by or authorized by Plaintiff despite Plaintiff including three (3) forms of identification in the letter.

53.     Accordingly, on or about December 4, 2024, Plaintiff submitted her detailed dispute online to Experian.

54.     On or about December 9, 2024, Plaintiff received dispute results from Experian which stated the FCO Account was verified and updated.

55.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

56.     Experian never attempted to contact Plaintiff during the alleged investigation.

57.     Upon information and belief, Experian notified FCO of Plaintiff's dispute. However, FCO failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

58.     On or about December 17, 2024, Plaintiff received dispute results from Experian which stated the FCO Account, FMS Account, and Transworld Account were deleted.

59.     On or about December 6, 2024, Plaintiff received a response from Trans Union which stated it would not be investigating Plaintiff's dispute.

60.     On or about December 9, 2024, Plaintiff contacted Trans Union via telephone and requested that they investigate her detailed dispute letter.

61.     Despite confirmation of delivery on November 25, 2024, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Trans Union.

62.     However, on or about December 23, 2024, Plaintiff contacted Trans Union via telephone and spoke with a representative who advised the FCO Account, Transworld Account, and Equity Account were all verified as accurate.

63.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

64.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

65.     Upon information and belief, Trans Union notified FCO of Plaintiff's dispute. However, FCO failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

66.    Upon information and belief, Trans Union notified Transworld of Plaintiff's dispute. However, Transworld failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

67.    Despite confirmation of delivery on November 25, 2024, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Equifax.

68.    However, on or about December 23, 2024, Plaintiff contacted Equifax via telephone and spoke with a representative who advised the FCO Account, FMS Account, and Transworld Account were all verified as accurate.

69.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

70.    Equifax never attempted to contact Plaintiff during the alleged investigation.

71.    Upon information and belief, Equifax notified FCO of Plaintiff's dispute. However, FCO failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

72.    Upon information and belief, Equifax notified FMS of Plaintiff's dispute. However, FMS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

73.    Upon information and belief, Equifax notified Transworld of Plaintiff's dispute. However, Transworld failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

74.    Due to the continued inaccurate reporting, on or about December 26, 2024, Plaintiff mailed a second detailed dispute letter to Equifax and Trans Union. In the letter, Plaintiff again requested a copy of her credit report. Further, Plaintiff reiterated she was a victim of identity theft and that the aforementioned accounts did not belong to her. To confirm her identity, Plaintiff included images of her driver's license, Social Security card, and recent utility bill in the letter. Further, Plaintiff provided images of the erroneous reporting and images of her filed FTC Identity Theft Report.

75.    Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 6882 8989 99) and Trans Union (9407 1112 0620 6882 8989 72).

76.    As of the filing of this Complaint, Plaintiff has not received dispute results from Equifax and Trans Union regarding her second detailed dispute letter.

77.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, Equifax and Trans Union continue to report the erroneous accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

78.    Equifax and Trans Union have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

79.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

80.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

  i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

  ii.    Loss of time attempting to cure the errors;

  iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of

life; Plaintiff is being physically affected by Defendants' actions; and

iv.    Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

81.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

82.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

83.    Equifax allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

84.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

85.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

15

86.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

87.    Equifax violated its own policies and procedures by not deleting erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

88.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

89.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

90.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

91.     Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

92.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

93.     Equifax allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

94.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

95.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

96.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

97.    Equifax violated its own policies and procedures by not deleting erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

98.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

99.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

100.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

101.  Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

102.  After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

103.  Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

104.  Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

19

105.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

106.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

107.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

108.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

109.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

110.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

111.   Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

112.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

113. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

114. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

115. Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

116. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

117. Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

118. Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

119. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

120. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

121. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

23

further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VI**
**Violations of 15 U.S.C. § 1681g as to**
**Defendant, Equifax Information Services LLC (Willful)**

122.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

123.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

124.    Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

125.    Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

126.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

127.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

128.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

129.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

130.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

131.   Experian allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

132.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

133.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

134.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

135.   Experian violated its own policies and procedures by not deleting erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

136.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

137.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

138.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

139.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

140.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

141.   Experian allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

27

142.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

143.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

144.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

145.   Experian violated its own policies and procedures by not deleting erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

146.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

147.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

148.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

149.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

150.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

151.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct

29

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

152.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

153.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

154.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

155.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

156.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

157.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

158.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

159.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed

to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

160.  As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

161.  The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

162.  Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

163.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

164.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

165.    Trans Union allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

166.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

167.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

168.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

169.    Trans Union violated its own policies and procedures by not deleting erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

170.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

171.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

172.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

173.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

34

174.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

175.    Trans Union allowed for numerous furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

176.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

177.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

178.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence

179.    Trans Union violated its own policies and procedures by not deleting erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

180.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

181.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

182.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT XIII</u>
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

183.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

184.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

185.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

186.    Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

187.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

188.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

189.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

190.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

191.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff

in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

192.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

193.    Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

194.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

195.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

196.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XV
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

197.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

198.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

199.    Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

200.    Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

201.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

202.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

203.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Willful)

204.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

205.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

206.    Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

207.    Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

208.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

209.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

210.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Fair Collections & Outsourcing, Inc. (Negligent)

211. Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

212. FCO furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

213. After receiving Plaintiff's disputes, FCO violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

214. Plaintiff provided all the relevant information and documents necessary for FCO to have identified that the account was erroneous.

215. FCO did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to FCO by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

216. FCO violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

217. As a direct result of this conduct, action, and/or inaction of FCO, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

218. The conduct, action, and inaction of FCO was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

219.   Plaintiff is entitled to recover costs and attorney's fees from FCO in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual damages against Defendant, FAIR COLLECTIONS & OUTSOURCING, INC.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XVIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Fair Collections & Outsourcing, Inc. (Willful)

220.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

221.   FCO furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

222.   After receiving Plaintiff's disputes, FCO violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

45

223.   Plaintiff provided all the relevant information and documents necessary for FCO to have identified that the account was erroneous.

224.   FCO did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to FCO by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

225.   FCO violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

226.   As a direct result of this conduct, action, and/or inaction of FCO, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

227.   The conduct, action, and inaction of FCO was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

228.   Plaintiff is entitled to recover costs and attorney's fees from FCO in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, FAIR COLLECTIONS & OUTSOURCING, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Financial Management Solutions, LLC (Negligent)

229.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

230.   FMS furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

231.   After receiving Plaintiff's disputes, FMS violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to

47

accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

232.   Plaintiff provided all the relevant information and documents necessary for FMS to have identified that the account was erroneous.

233.   FMS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to FMS by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

234.   FMS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

235.   As a direct result of this conduct, action, and/or inaction of FMS, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

236.    The conduct, action, and inaction of FMS was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

237.    Plaintiff is entitled to recover costs and attorney's fees from FMS in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual damages against Defendant, FINANCIAL MANAGEMENT SOLUTIONS, LLC; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Financial Management Solutions, LLC (Willful)

238.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

239.    FMS furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

240.    After receiving Plaintiff's disputes, FMS violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

241.    Plaintiff provided all the relevant information and documents necessary for FMS to have identified that the account was erroneous.

242.    FMS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to FMS by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

243.    FMS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

244.   As a direct result of this conduct, action, and/or inaction of FMS, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

245.   The conduct, action, and inaction of FMS was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

246.   Plaintiff is entitled to recover costs and attorney's fees from FMS in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, FINANCIAL MANAGEMENT SOLUTIONS, LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XXI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Transworld Systems Inc. (Negligent)

247.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

51

248.   Transworld furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

249.   After receiving Plaintiff's disputes, Transworld violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

250.   Plaintiff provided all the relevant information and documents necessary for Transworld to have identified that the account was erroneous.

251.   Transworld did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Transworld by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

252.   Transworld violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

253.   As a direct result of this conduct, action, and/or inaction of Transworld, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

254.   The conduct, action, and inaction of Transworld was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

255.   Plaintiff is entitled to recover costs and attorney's fees from Transworld in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual damages against Defendant, TRANSWORLD SYSTEMS INC.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XXII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Transworld Systems Inc. (Willful)**

256.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty (80) above as if fully stated herein.

257.   Transworld furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

258.   After receiving Plaintiff's disputes, Transworld violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

259.   Plaintiff provided all the relevant information and documents necessary for Transworld to have identified that the account was erroneous.

260.   Transworld did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Transworld by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further,

54

even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

261.    Transworld violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

262.    As a direct result of this conduct, action, and/or inaction of Transworld, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

263.    The conduct, action, and inaction of Transworld was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

264.    Plaintiff is entitled to recover costs and attorney's fees from Transworld in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANSWORLD SYSTEMS INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal

rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARCIA ALLYSE MULDROW, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; FAIR COLLECTIONS & OUTSOURCING, INC.; FINANCIAL MANAGEMENT SOLUTIONS, LLC; and TRANSWORLD SYSTEMS INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 27th day of December 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610

Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*